UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

December 6, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Millard B. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 21-2761-BAH

Dear Counsel:

On October 27, 2021, Plaintiff Millard B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, ECF 10, the parties' cross-motions for summary judgment, ECFs 13 and 17, and Plaintiff's reply, ECF 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on April 3, 2017, alleging a disability onset of January 1, 2017.[1] Tr. 148–51. Plaintiff's claim was denied initially. Tr. 100–04. On August 15, 2018, an Administrative Law Judge ("ALJ") held a hearing. Tr. 35–81. Following the hearing, on November 13, 2018, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 14–34. After exhausting administrative remedies, Plaintiff sought judicial review in this Court and, on December 23, 2020, this Court remanded the case back to the SSA pursuant to sentence four of 42 U.S.C. § 405(g). Tr. 707–10 (*Millard B. v. Saul*, No. 1:19-cv-02690-JMC (D. Md., Dec. 23, 2020)). The Appeals Council ("AC") vacated and remanded the ALJ's prior decision. Tr. 711–15. A new hearing was held on May 19, 2021. Tr. 631–71. Thereafter, a different ALJ issued a new decision on July 29, 2021, again finding Plaintiff not disabled. Tr. 608-630. That decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–

---

[1] Plaintiff alleges that he applied for benefits on March 29, 2017; however, the application lists April 3, 2017, as the application date. Tr. 148, 150. The Court will use April 3, 2017, as the date of application. Additionally, Plaintiff initially listed the disability onset date as January 1, 2016, Tr. 148, but later amended that date to January 1, 2017. Tr. 150.

[2] 42 U.S.C. §§ 301 et seq.

*Millard B. v. Kijakazi*
Civil No. 21-2761-BAH
December 6, 2022
Page 2

07 (2000); *see also* 20 C.F.R. §§ 404.984(d), 416.1484(d), 422.210(a).

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "not engaged in substantial gainful activity since January 1, 2017, the alleged onset date." Tr. 611. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "attention deficit hyperactivity disorder (ADHD); post-traumatic stress disorder (PTSD); Depression; Anxiety; Mild Neurocognitive Disorder; Migraines; Intervertebral Disc Syndrome; Osteoarthritis; and Dysfunction Major Joints - Left Knee (meniscus tear/patellofemoral syndrome), Right Knee (meniscus tear/osteoarthritis)." Tr. 611. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "sleep apnea," "gastritis," "hand tremors," "hypertension," "hyperlipidemia," "tinnitus, bilateral pes planus with plantar fasciitis, and traumatic brain injury." Tr. 611–12. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 612. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except frequently able to climb ramps or stairs; occasionally able to climb ladders, ropes or scaffolds; frequently able to balance; occasionally able to stoop, kneel, crouch or crawl; avoid concentrated exposure to extreme cold or wet conditions; avoid concentrated exposure to vibration; avoid work at unprotected heights; limited to frequent use of either upper extremity for fine fingering or grasping/handling of small objects; avoid work in an environment with more than a moderate noise level (or that found in a typical office setting); able to have frequent interaction with supervisors; able to have occasional interaction with co-workers and/or the general public; able to carry out simple instructions and routine, repetitive tasks; avoid work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the others); able to perform work activities for up to 2 hours at a time but would then become distracted, causing the individual to be off task. However, time off task can be accommodated with normal breaks; occasionally able to change activities or work settings during the

>workday without it being disruptive; and occasionally able to deal with changes in a routine work setting.

Tr. 615–16. The ALJ determined that Plaintiff was not able to perform past relevant work as a Radar Mechanic/Electronics System Mechanic (DOT[3] Code 828.261-022) but could perform other jobs that existed in significant numbers in the national economy. Tr. 623–24. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 625.

### III.     LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.""). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.     ANALYSIS

Plaintiff raises one overarching argument on appeal: that the ALJ's finding as to Plaintiff's RFC is unsupported by substantial evidence. ECF 13-2, at 10–24. More specifically, Plaintiff first alleges error in the ALJ's failure to "acknowledge[] and consider the determination from the

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

Department of Veterans Affairs (VA) confirming that Plaintiff is totally and permanently disabled with a 100% disability rating." *Id.* at 13 (citing *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337 (4th Cir. 2012) and *DeLoatche*, 715 F.2d at 150).

Defendant counters that valid regulations applicable to Plaintiff's case do not require the ALJ to discuss the VA findings. ECF 17-1, at 7-12. Defendant distinguishes *Bird* and *DeLoatche* by claiming that neither case "tied an obligation to discuss and weigh decisions from other agencies to the unambiguous terms of the [Social Security] Act," and thus a change in regulation effective just two days before Plaintiff filed his claim rendered both cases inapposite. *Id.* at 11. Since these new regulations, effective March 27, 2017, explicitly state that decisions by "other governmental agencies . . . such as the Department of Veterans Affairs" are "not binding" on Defendant, an ALJ will "not provide any analysis in [their] determination or decision about a decision made by [the VA] about whether you are disabled, blind, employable, or entitled to any benefits." *Id.* at 7 (citing 20 C.F.R. § 404.1504). Defendant notes additional regulations, also effective March 27, 2027, explaining that because "[d]ecisions by other governmental agencies" are "inherently neither valuable nor persuasive to the issue of whether you are disabled . . . under the [Social Security] Act," the SSA "will not provide any analysis about how [it] considered such evidence in [its] determination or decision . . . ." *Id.* (citing 20 C.F.R. § 404.1520b(c)(1)). Since the ALJ was not required to "provide any analysis of the VA's disability determinations," Defendant argues that the ALJ's failure to meaningfully discuss the VA finding cannot constitute error. *Id.* at 12

Plaintiff also argues that the ALJ improperly discounted Plaintiff's credibility by "relying on ancillary evidence of Plaintiff's reported daily activities." *Id.* at 16. Defendant counters that the ALJ properly "translat[ed] the evidence . . . into functionally relevant terms, both for use by the vocational expert and in the RFC finding." *Id.* at 14. Defendant argues that Plaintiff's asks the Court for an impermissible re-weighing of the evidence. *Id.* at 18.

Plaintiff's first argument reaches an issue that the Fourth Circuit has not squarely addressed: whether the analysis in *Bird* survived the change in SSA regulations effective March 27, 2017. *See Wright v. Kijakazi*, No. 3:20-CV-201-DSC, 2021 WL 3432909, at *2 (W.D.N.C. Aug. 5, 2021) (noting that "there is no Fourth Circuit precedent discussing the interplay between 20 C.F.R. § 404.1504 and *Bird v. Commissioner*, 699 F.3d 337 (4th Cir. 2012)."). Though both sides appear to agree that Plaintiff received a 100% disability rating from the VA, each party provides caselaw from district courts debating the significance of such a finding in cases, like Plaintiff's, filed *after* the change in regulations effective March 27, 2017.

Plaintiff relies primarily on the reasoning outlined in *Rose v. Saul*, No. 7:19-CV-91, 2020 WL 4740479 (E.D.N.C. Aug. 14, 2020). In *Rose*, the Chief Judge of the Eastern District of North Carolina ruled that the change in SSA policy effective March 27, 2017, "did not supersede the Fourth Circuit's decision in *Bird*, and [an] ALJ commit[s] reversible error by failing to afford substantial weight to [a claimant's] 100% VA [disability] rating." *Id.* at *3. As explained in a subsequent opinion from a different judge of that same court, "an ALJ's error in failing to discuss another agency's determination is not that the ALJ's decision runs afoul of the revised regulations, but rather that it leaves the court unable to conduct a meaningful review." *Lewis v. Saul*, No. 7:20-CV-50-RJ, 2021 WL 2144327, at *6 (E.D.N.C. May 26, 2021) (citing *Rose*, 2020 WL 4740479,

at *3).

Defendant counters by highlighting decisions rejecting the reasoning in *Rose*, including *Rogers v. Comm'r of Soc. Sec.*, No. 3:20-CV-206-RJC-DSC, 2022 WL 135310, at *3 (W.D.N.C. Jan. 13, 2022). *Rogers* highlights the apparent split in trial courts that follow the reasoning employed in *Rose*, which has been extensively followed within the Eastern District of North Carolina, and other district courts within the Fourth Circuit that have held "that the [2017 changes to the SSA] regulations trump prior case law." *Id.* (collecting cases); *see also Lewis*, 2021 WL 2144327, at *6.

I join the *Rose* court in finding that "it stretches the imagination to believe that the difference in methodology [between the SSA and VA] accounts for the gap between the VA's 100% disability rating and SSA's finding of not disabled." *Rose*, 2020 WL 4740479, at *3.[4] However, I am loathe to find error when an ALJ correctly follows the regulations in place at the time a decision is rendered. Fortunately, it appears that the Fourth Circuit may soon clear up the debate over the longevity of *Bird* as the *Rogers* case is scheduled for oral argument this week before a panel of the Fourth Circuit. *See Shanette Rogers v. Kijakazi*, Case No. 22-1264 (oral argument scheduled for Tuesday, December 6, 2022). In any event, I do not need to pick a side because, regardless of whether *Bird* remains good law, the ALJ here nevertheless ran afoul of the applicable regulations by failing to show *how*, or even *if*, they "consider[ed] all of the supporting evidence underlying" the VA's 100% disability finding as required by the March 27, 2017, revisions to 20 C.F.R. § 404.1504.

Under the revised SSA regulations, it is true that an ALJ is "not required to provide any analysis . . . about a decision made by any other governmental agency . . . ." 20 C.F.R. § 404.1504. However, the ALJ is required to "consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim in accordance with § 404.1513(a)(1) through (4)." *Id.* As the Fourth Circuit previously stated in a footnote in *Woods v. Berryhill*, "[f]or claims filed on or after March 27, 2017, ALJs must still consider the existence of disability decisions by other governmental or nongovernmental entities, and any evidence underlying those decisions . . . ." 888 F.3d 686, 692 n.1 (4th Cir. 2018) (citing 82 Fed. Reg. 5,848). Here, the only acknowledgment by the ALJ that the VA even made a disability finding is a reference to Plaintiff's statement during a consultative examination that Plaintiff "served in multiple military branches from 1994 to 2011, [] was honorable [sic] discharged, and . . . receive[d] 100% disability." Tr. 619. Indeed, I am left to guess at the precise reason for the VA's disability rating, the reasons supporting it, and – most importantly - the "evidence underlying it." 20 C.F.R. § 404.1504.[5] Contrary to the directive in *Woods*, the ALJ did

---

[4] Of course, the Defendant in *Rogers* noted that "'the VA and SSA disability programs serve different purposes for populations that overlap,'" and further observed "that one third of individuals with a 100-percent VA disability rating are denied SSA benefits." *Rogers*, 2022 WL 135310, at *4 (citing 82 Fed. Reg. 5,848).

[5] The ALJ's opinion under review stands in stark contrast to the earlier decision issued by a

not consider the "existence" of the VA's disability decision and did not delineate or explain what evidence supported the VA's finding.[6] As such, I am unable to conclude that the ALJ considered "all of the supportive evidence underlying" the VA's finding as required by 20 C.F.R. § 404.1504, and I find that remand is appropriate to address this omission.

Plaintiff's file is replete with medical records that originated at various VA medical centers and care providers. Tr. 629 (noting 8 exhibits – Exhibits 2F, 4F, 5F, 6F, 7F, 8F, 9F, and 13F - containing records and testing from the VA). Nearly all of these records likely constitute the evidence "underlying" the VA's disability rating "that [was] receive[d] as evidence . . . ." 20 C.F.R. § 404.1504.[7] However, many of these records are not discussed in detail by the ALJ and one, Exhibit 4F, is not mentioned at all. Moreover, the VA may have relied on additional documentation from outside that agency, but the ALJ failed to identify *what* evidence buttressed the VA's decision or explain *how* it was considered by the ALJ. Accordingly, I cannot say that the ALJ considered "all of the supporting evidence underlying" the VA decision "that [was] receive[d] as evidence in Plaintiff's claim . . . " as required by 20 C.F.R. § 404.1504 and remand is required.

On remand, the ALJ may have more clarity on the question of whether *Bird* remains "good law." Regardless, the ALJ, at a minimum, must identify and discuss the evidence underlying the VA's disability rating so that I can determine, if necessary, whether the ALJ's ultimate decision is supported by "substantial evidence." Because the case is being remanded on other grounds, I need not address Plaintiff's other argument alleging that the ALJ erred by "relying on ancillary evidence of Plaintiff's reported daily activities" to discount Plaintiff's credibility. ECF 13, at 16–24. On remand, the ALJ is welcome to consider this argument and make any required adjustments to the opinion.

V. **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 13, is DENIED and Defendant's motion for summary judgment, ECF 17 is DENIED. Plaintiff's alternative motion for remand, ECF 13, is GRANTED. Pursuant to sentence four of 42 U.S.C. §

---

different ALJ – a decision that is not before the Court – which explicitly stated that while a 100% disability finding "is neither valuable nor persuasive . . . the [previous ALJ] *considered the supporting evidence underlying the decision of the Department of Veterans Affairs* in accordance with the regulations." Tr. 28 (emphasis added).

[6] Plaintiff cites to *Woods*, ECF 18, at 4–5 (citing 888 F.3d at 692), but ignores that Judge Motz concludes the footnote cited above by noting that after March 27, 2017, ALJs are "are no longer required 'to provide written analysis about how they consider the decisions from other governmental agencies.'" *Woods*, 888 F.3d at 692 n.1 (citation omitted). This comment may have settled the debate over the longevity of *Bird*.

[7] One exhibit, 13F, contains records and findings from 2019, thus falling after the VA's 2018 decision finding Plaintiff fully disabled.

*Millard B. v. Kijakazi*
Civil No. 21-2761-BAH
December 6, 2022
Page 7

405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

  Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

         Sincerely,

         /s/

         Brendan A. Hurson
         United States Magistrate Judge